Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000193
07-JUN-2018
09:58 AM

NO. CAAP-18-0000193

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HONOLULU RETAIL OWNER, INC., a Delaware Corporation,
Plaintiff-Appellee,
v.
GOOD TO GRILL RESTAURANTS, LLC, a Hawai'i Limited
Liability Company, Defendant-Appellee,
and
WESLEY ZANE and JASON KIM,
Defendants/Cross-Claim Defendants/Appellees,
and
ALFREDO ALMAR ARCANO; and EVANGELINE S. ARCANO,
Defendants/Cross-Claim Plaintiffs/Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1971)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendants/Cross-Claim Plaintiffs/ Appellants Alfredo Almar Arcano and Evangeline S. Arcano's (the Arcanos) appeal from the Honorable Gary W.B. Chang's March 15, 2018 interlocutory order granting Plaintiff-Appellee Honolulu Retail Owner, Inc.'s (Honolulu Retail Owner) motion for summary judgment against Defendant-Appellee Good to Grill Restaurants, LLC, and the Arcanos as to Honolulu Retail Owner's complaint in Civil No. 15-1-1971-10 (GWBC), because the circuit court has

neither adjudicated all claims as to all parties nor reduced its dispositive rulings to an appealable final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive orders to an appealable final judgment as to all claims and parties pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On May 10, 2018, the circuit court clerk filed the record on appeal, which does not include an appealable final judgment. Therefore, the March 15, 2018 interlocutory order is ineligible for appellate review at this preliminary stage of the underlying case.

The Supreme Court of Hawai'i recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties.

Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, the holding in Waikiki is distinguishable from the instant case, because the circuit court in the instant case has not yet adjudicated Honolulu Retail Owner's complaint as to Defendant/Cross-Claim Defendant/Appellee Jason Kim (Kim), nor has the circuit court adjudicated the Arcanos' cross-claim against Kim and Defendant/Cross-Claim Defendant/Appellee Wesley Zane. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable final judgment, the Arcanos' appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000193 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **June 7, 2018.**

Chief Judge

Associate Judge

Associate Judge

-3-